IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NELSON ARMITAGE, SR., | ) | CIVIL NO. 23-00200 SOM/WRP |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT; |
| | ) | ORDER DENYING AS MOOT |
| vs. | ) | APPLICATIONS TO PROCEED *IN* |
| | ) | *FORMA PAUPERIS* |
| ESTATE OF RAMON FERRER, | ) | |
| ELSIE ANDREA OSBORNE, | ) | |
| JASON WOLL, | ) | |
| ROVETTE WOLL, | ) | |
| DOES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT; ORDER DENYING
AS MOOT APPLICATIONS TO PROCEED *IN FORMA PAUPERIS***

**I.      INTRODUCTION.**

On May 1, 2023, Plaintiff Nelson K. Armitage, Sr.,
filed a Complaint and an Application to Proceed in District Court
Without Prepaying Fees or Costs ("IFP Application"). *See* ECF
Nos. 1-2.  Pursuant to 28 U.S.C. § 1915(e)(2), this court has
screened the *pro se* Complaint and determined that it fails to
assert claims over which this court has jurisdiction.
Accordingly, the court dismisses the Complaint without prejudice
and denies the IFP Application as moot.

**II.      FACTUAL BACKGROUND.**

Armitage's Complaint alleges a wrongful transfer of
title to property located on Kauhikoa Road in Haiku, Maui (the
"Property").  *See* ECF No. 1, PageID # 6; ECF No. 1-1, PageID
#s 8-9.

This is not Armitage's first court action involving title to the Property. *See Woll v. Armitage, Sr.,* http://jimspss1.courts.state.hi.us:8080/eCourt/ECC/CaseSearch.iface (input case ID 2DRC-22-0001579). The court takes judicial notice of the docket and documents in that state case. In *Woll*, Defendants Jason and Rovette Woll sued Armitage for possession of the Property. *See* Complaint for Ejectment in 2DRC-22-0001579 (filed Oct. 21, 2022). According to the docket in that case, summary judgment, a writ of possession, and a judgment of possession were entered in favor of Jason and Rovette Woll and against Armitage on April 17, 2023. *Id.*

The state court's Findings of Fact, Conclusions of Law, and Order Granting [Wolls'] Motion for Summary Judgment and Denying [Armitage's] Motions to Dismiss, entered in *Woll* on May 1, 2023, found that Armitage previously owned the Property. *See* Findings of Fact ("FoF") # 1. In 2000 to 2001, Armitage's lender foreclosed on the Property in *CitiMortgage, Inc. v. Nelson T. Armitage, et al.,* Second Circuit Civil No. 00-1-0246(3). *See* FoF # 2. Ramon Ferrer purchased the Property from the court-appointed commissioner in the foreclosure action. *See* FoF # 3.

On October 24, 2002, Ferrer, Armitage, and John A. Gangini allegedly executed a joint venture agreement through which they purportedly agreed to subdivide the Property. However, the Maui County Code prohibits such a subdivision

2

because the Property is zoned for agricultural use.  No
subdivision was created or completed, and the joint venture
agreement expired.  *See* FoF # 5.  According to a title search
with respect to the Property, no recorded document demonstrates
any intent to sell, convey, or transfer any legal or equitable
interest to Armitage.  *See* FoF # 7.

In 2018, Ferrer passed away.  *See* FoF # 6.  The
personal representative of Ferrer's estate, Defendant Elsie
Osborne, oversaw the sale of the Property to Defendants Jason and
Rovette Woll.  *See* FoF # 8.  Title to the Property was conveyed
to the Wolls from Osborne in her capacity as personal
representative of Ferrer's estate through an Exchange Personal
Representative's Warranty Deed, recorded on August 15, 2022.  *See*
FoF # 10.  The Wolls learned that Armitage was occupying the
Property.  They then began the ejectment process.  *See* FoF # 11.

The state court determined in its Conclusions of Law
("CoL") # 5 that Armitage had "fail[ed] to tender competent
evidence specifying the nature and extent of the title he claims
to the Property and such further particulars to fully appraise
the court of the nature of this title claim against Plaintiffs."
Armitage argued that the Wolls were not bona fide purchasers for
value, but the state court determined "that there is a strong
indication that title in the Property is vested in the [Wolls],
who purchased the Property for value, did so in good faith, and

without notice of Defendant's alleged interest in the Property."
*See* CoL # 8.   The court noted that Armitage had failed to
"provide[] evidence of a rental contract, long-term lease, or
other legally recognized right to remain in possession of the
[P]roperty."  CoL # 10.  Accordingly, the court awarded
possession of the property to the Wolls.

The same day that the state court entered its order
awarding possession of the Property to the Wolls, Armitage filed
his Complaint in this federal court.  *See* ECF No. 1.  The present
Complaint seeks a declaration that the sale of the Property by
Osborne to the Wolls that was overseen by the probate court (the
basis of the ejectment action) is null and void.  *See* ECF No. 1-
1, PageID #s 8-9.  Armitage seeks a constructive trust granting
him his share of the Property (Count I).  Armitage asserts that
the Wolls were unjustly enriched (Count II).  Armitage asserts
that Ferrer's estate and its personal representative, Osborne,
engaged in some form of collusion and abused the process of the
probate court by failing to provide the probate court with proper
notice of Armitage's claim (Count III).  Armitage seeks a
declaration that the sale of the Property to the Wolls is void ab
initio (second Count III).  Armitage asserts that Defendants
defrauded him of his interest in the Property (Count IV) and were
negligent in handling the probate action (Count V).  Finally,

Armitage alleges that Ferrer's estate and its representative, Osborne, breached Ferrer's contract with Armitage (Count VI).

Armitage claims this court has jurisdiction over his Complaint through 48 U.S.C. § 644a, which states:

> **Jurisdiction of district court of cases arising on or within Midway, Wake, Johnston, Sand, etc., Islands; laws applicable to jury trials**
>
> The jurisdiction of the United States District Court for the District of Hawaii is extended to all civil and criminal cases arising on or within the Midway Islands, Wake Island, Johnston Island, Sand Island, Kingman Reef, Palmyra Island, Baker Island, Howland Island, Jarvis Island, and, having regard to the special status of Canton and Enderbury Islands pursuant to an agreement of April 6, 1939, between the Governments of the United States and of the United Kingdom to set up a regime for their use in common, the said jurisdiction is also extended to all civil and criminal cases arising on or within Canton Island and Enderbury Island: Provided, That such extension to Canton and Enderbury Islands shall in no way be construed to be prejudicial to the claims of the United Kingdom to said islands in accordance with the agreement. All civil acts and deeds consummated and taking place on any of these islands or in the waters adjacent thereto, and all offenses and crimes committed thereon, or on or in the waters adjacent thereto, shall be deemed to have been consummated or committed on the high seas on board a merchant vessel or other vessel belonging to the United States and shall be adjudicated and determined or adjudged and punished according to the laws of the United States relating to such civil acts or offenses on such ships or vessels on the high seas, which laws for the purpose aforesaid are extended over such islands, rocks, and keys.

> The laws of the United States relating to
> juries and jury trials shall be applicable to
> the trial of such cases before said district
> court.

48 U.S.C. § 644a.

## IV.      ANALYSIS.

Armitage's present Complaint seeks to relitigate matters that were litigated or could have been litigated in the recent ejection action brought by the Wolls against him.  To the extent Armitage seeks different findings with respect to his ownership interest in the Property, he must either seek reconsideration of the state-court's order in state court or appeal that order through the state-court appellate system. Armitage cannot appeal a state-court order to this court.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *Wolfe v. George*, 486 F.3d 1120, 1124 n.3 (9th Cir. 2007) ("The *Rooker–Feldman* doctrine generally bars federal district courts 'from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment.'") (quoting *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004)).

Moreover, this court lacks subject matter jurisdiction over the present Complaint.  There is no diversity jurisdiction. Armitage claims that this court has jurisdiction through 48

U.S.C. § 644a.  However, that statute only provides for jurisdiction with respect to claims arising in "Midway Islands, Wake Island, Johnston Island, Sand Island, Kingman Reef, Palmyra Island, Baker Island, Howland Island, Jarvis Island, and, having regard to the special status of Canton and Enderbury Islands pursuant to an agreement of April 6, 1939."  It does not speak to state-law claims arising in the State of Hawaii.

Given the court's lack of subject matter jurisdiction with respect to the claims asserted in the present Complaint, this court dismisses the Complaint without prejudice and denies Armitage's IFP Application as moot.  The court makes no ruling with respect to ownership of the Property.

## V.          CONCLUSION.

The Complaint is dismissed without prejudice, and the IFP Application is denied as moot.  The court normally grants *pro se* plaintiffs leave to amend complaints when dismissed via screening orders.  However, in this case, the court declines to grant Armitage leave to file an Amended Complaint because, given the jurisdictional defects, any amendment would be an exercise in futility.  The court is also concerned that, if it allows Armitage to continue in this court, he might concentrate on the present case and forfeit any right to seek reconsideration of the state-court order or the right to appeal that order.

The Clerk of Court is directed to enter judgment in favor of Defendants and to close this case.


IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 10, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge


*Armitage v. Woll, et al*; Civ. No. 23-200 SOM/WRP; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATIONS TO PROCEED IN FORMA PAUPERIS